UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **MICHAEL J. FOX FOUNDATION<br>    FOR PARKINSON'S RESEARCH**<br>90 Broad Street 10th Floor<br>New York, NY 10004<br><br>    **Plaintiff,**<br><br>    -v-<br><br>**LINDA M. SPRINGER**<br>in her official capacity as<br>Director of the United States Office<br> of Personnel Management<br>1900 E Street, N.W.<br>Washington, D.C. 20415-0001,<br><br>    **Defendant.** | Civil Action No._____ |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff, by undersigned counsel, respectfully presents this action to declare unlawful and enjoin certain actions of Defendant and others acting under her authority (hereinafter, "Defendant" shall be deemed to include persons acting under her authority) with regard to the interpretation of regulations related to the Combined Federal Campaign ("CFC") as it applies to Plaintiff. Specifically, as set forth in the averments below, Defendant acted without authority and arbitrarily to deny the application of Plaintiff, The Michael J. Fox Foundation for Parkinson's Research, for inclusion as an eligible organization in the 2006 CFC. The actions by Defendant violate 5 CFR Part 950, the Administrative Procedure Act ("APA"), 5 U.S.C. secs. 500-706, and the First Amendment.

**Jurisdiction and Venue**

1. This court has jurisdiction over this action pursuant to 28 U.S.C. sec. 1331 (federal question), 28 U.S.C. sec. 1346 (United States as defendant), 28 U.S.C. sec. 1361 (writ of mandamus), and 5 U.S.C. secs. 701-706 (APA).

2. The injunctive and declaratory relief sought herein is authorized in actions arising under the statutes cited above as well as by 28 U.S.C. sec. 2201 (declaratory relief) and 28 U.S.C. sec. 2202 (injunctive relief).

3. Venue is proper in this court pursuant to 28 U.S.C. sec. 1391(e) because the defendant, in her official capacity, resides in this district and all of the actions and omissions complained of herein occurred in this district.

**Parties**

4. Plaintiff, The Michael J. Fox Foundation for Parkinson's Research ("MJFF"), is a New York not for profit corporation which maintains its principal office at the address listed in the caption. MJFF has been accorded tax-exempt status by the Internal Revenue Service as a charitable organization within the meaning of Internal Revenue Code sec. 501(c)(3).

5. MJFF is dedicated to ensuring the development of a cure for Parkinson's disease within this decade through an aggressively funded research agenda. Overall, MJFF has funded over $70 million in research from 2000-2005. MJFF was established in May, 2000, and is the largest nonprofit funder of Parkinson's research.

6. Defendant is the director of the Office of Personnel Management (hereinafter referred to as "OPM"), an agency of the executive branch of the government of the United States. *Inter alia*, OPM is charged with interpreting regulations (5 C.F.R. Part 950) governing the solicitation of federal civilian employees, postal employees, and uniformed service

personnel for contributions (*via* voluntary payroll deductions and otherwise) to charitable organizations. This procedure is referred to as the "Combined Federal Campaign" (hereinafter referred to as "CFC").

## Background

7. Health and Medical Research Charities of America (hereafter referred to as "HMR") is a tax-exempt, federated group which represents charitable organizations that work to improve health, assist care givers and find cures. HMR organizes and prepares its member charities for effective participation in at-work employee charitable fund drives and other types of fund raising activities. HMR engages in fund drive application assistance, reviews and certifies charitable agency eligibility documentation, disseminates information about its member charities to the workplace-giving public, organizes member participation in fund drive promotional educational events, represents its members before fund drive organizing or regulatory authorities, and transmits contributions and contributors' names and addresses to recipient charities. HMR is an Office of Personnel Management approved national federation eligible to participate in the 2006 CFC on behalf of its member organizations.

8. MJFF is a member in good standing of HMR and authorized HMR to represent it before OPM in connection with the 2006 CFC. National federations such as HMR, eligible to participate in the CFC, submit annually to the OPM lists of member organizations eligible to participate in the CFC. Individual members of national federations do not submit applications to participate in a particular CFC unless requested to do so by the OPM. MJFF has been approved for the CFC since 2003.

9. These regulations govern, *inter alia,* criteria to be met by charitable organizations

which seek to be included in the "national list" of organizations eligible to participate in the CFC. Organizations must apply (or reapply, as the case may be) each year for inclusion in the CFC on a form developed by OPM.  To be included in the CFC, an applicant (in general) must establish that it is a human health and welfare organization which carries out its program activities in 15 or more different states or one foreign country over the three year period immediately preceding the beginning of the CFC campaign year. See, 5 CFR §950.202, set forth below.

      10.      OPM promulgated at 5 CFR Part 950 regulations governing, *inter alia*, national list eligibility requirements which pertain to the applications of charitable organizations for inclusion in the CFC.  The  specific provisions of said regulations in issue are the following:

**§950.202 National List eligibility requirements.**

All organizations seeking national list eligibility must:

> (a) Certify that it [sic] provides or conducts real services, benefits, assistance, or program activities, in 15 or more different states or a foreign country over the 3 year period immediately preceding the start of the year involved. The requirement cannot be met on the sole basis of services provided through an "800" telephone number or by sending materials via the U.S. Postal Service or a combination thereof. A schedule listing those states (minimum 15) or the foreign countries (minimum 1) where the program activities have been provided and a detailed description of the activities in each state or foreign country must be included with the application. While it is not expected that an organization maintain an office in each state or foreign country, a clear showing must be made of the actual services, benefits, assistance or activities provided in each state or foreign country.

**Chronology and Summary of Events**

      11.      On or about January 27, 2006, HMR submitted its list of eligible member

organizations certified for participation in the 2006 CFC. MJFF was included among the eligible member organizations.

12.   On or about February 8, 2006, Defendant requested from HMR a copy of MJFF's application to participate in the 2006 CFC. On or about February 10, 2006, HMR submitted to defendant MJFF's 2006 CFC application. In its application, MJFF described in detail activities undertaken in more than 15 states, summarized below. (See **Exhibit A**, attached hereto, and included as "Attachment A" to MJFF's 2006 CFC Application.)

13.   MJFF provided lists of grants and payments to medical researchers as part of its application. MJFF demonstrated almost $14 million in grants were made to indiviudals in sixteen states engaged in research related to the causes, treatment and cure of Parkinson's disease. All sixteen states were listed in Attachment A. (**Exhibit A** hereto).

14.   On April 24, 2006, Defendant, acting through Mara T. Patermaster, Director, Office of CFC Operations, denied MJFF's application because MJFF allegedly "did not include sufficient information to support a claim that the organization provided or conducted real services, benefits, assistance, or program activities in 15 or more different states over the three year period immediately preceding January 2006." The letter also stated: "Service in 2002 is outside the scope of the three year period." (See **Exhibit B** attached hereto.) The letter from Ms. Patermaster afforded MJFF an opportunity to file an appeal with Dan G. Blair, Deputy Director of OPM ("Mr. Blair").  The letter also stated: **"**Your appeal need only respond to the deficiencies described in Attachment One of this letter.**"**

15.   By letter, dated May 3, 2006, Cynthia Schneible, President of HMR, appealed the initial denial of MJFF's  application to participate in the 2006 CFC. (See **Exhibit C** attached

hereto.) Ms. Schneible asserted OPM did not completely review Attachment A to MJFF's application (**Exhibit A** hereto) and applied arbitrary and inconsistent standards with regard to MJFF. The letter stated: "MJFF's submitted Attachment A... does include a few inclusions of grant payment dates during 2002. None of these were used by HMR as a basis for approval because each was followed by two or three additional large grants during the years 2003 and 2004. Therefore HMR contends that a complete reading of the MJFF's [application] shows 'sufficient information to support a claim of service' during 2003-2005.... MJFF's Attachment A includes 16 states of service and no state relies solely on service during 2002 to qualify. To deny on the basis of inclusion of 2002 information is an improper application of the three-year standard."

16.     The appeal letter (**Exhibit C** hereto) further pointed out that OPM was inconsistent and arbitrary in its review of the application. As part of the sample of applications given to OPM, HMR had provided the application of Loma Linda University Medical Center (hereinafter referred to as "LLUMC"). The LLUMC application included a 2002 column of service for each state with a demonstration that service continued in 2003-2004. (**Exhibit D** hereto). The information was substantially similar to the information provided by MJFF and yet OPM approved the application of LLUMC.

17.     By letter dated July 17, 2006, (**Exhibit E** hereto) Defendant, through OPM Deputy Director Blair, sustained the decision to deny MJFF's application. Mr. Blair stated:

> The Michael J. Fox Foundation is denied because the level of service in a number of states is insufficient to satisfy eligibility criteria. The award of a grant in 2002 is a service outside the scope of the three year period. The fact that multiple payments are made with respect to that grant in years subsequent to 2002 does not qualify each of the multiple payments as an independent service, as the award had already been made. Thus, service in Alabama and Georgia are not considered states in which the

applicant has demonstrated service sufficient to satisfy national eligibility criteria. Moreover, regarding a variety of states in which a single grant was provided, the organization was viewed as providing an insufficient level of service to satisfy eligibility criteria.

The letter is the final administrative determination for the 2006 CFC and did not address MJFF's contention in its appeal that the denial was inconsistent and arbitrary or address the comparison to LLUMC.

18. In contrast to the OPM's finding, MJFF provided documentation of $108,894.75 of funding in Alabama from 2003-2005 and $160,821.75 of funding in Georgia from 2003-2005. (**Exhibit A**).

19. On or about July 31, 2006, OPM will have completed the 2006 National/International List of Participating Agencies to be posted on the OPM web site. Sometime shortly after July 31, 2006, OPM will distribute to local combined federal campaigns the National List of charitable organizations included in the 2006 CFC. (See, CFC schedule attached hereto as **Exhibit F**.)  Upon information and belief, after July 31, 2006, the local combined federal campaigns will commence printing brochures for distribution to federal employees on or about September 1, 2006.  These brochures contain both National List charities and local charities.

20. Despite receiving MJFF's appeal on or about May 4, 2006, OPM did not respond until the letter of July 17, 2006, which was received on July 24, 2006, shortly before the National List is finalized. This gives MJFF only a short period to retain counsel and prepare pleadings, resulting in significant hardship to MJFF.

21. If MJFF is not included on the National List, it will suffer irreparable injury, including, but not limited to, being deprived of contributions which it otherwise would have

received, as well as being deprived of the opportunity to recruit volunteers to support its programs.

**Cause of Action**

(Judicial Review of Agency Action Pursuant to 5 U.S.C. §701, et seq.)

22.  The allegations of paragraphs 1 to 21 are incorporated as though fully set forth here.

23.  Defendant has acted without authority and in an arbitrary and capricious manner and in violation of MJFF's First Amendment rights, in interpreting the regulations and applying them to MJFF, in the following respects:

   A.  Section 950.202 (a) requires the applicant to submit a schedule of a minimum of 15 states or one foreign country where the applicant conducts "real services, benefits, assistance or program activities." The applicant is required to demonstrate that it provides "actual services, benefits, assistance or activities" in these states or in one or more foreign countries. An applicant is not required to maintain an office in each state or foreign country where it conducts its activities. Neither "real services, benefits, assistance or program activities in 15 or more states" nor "actual services, benefits, assistance or activities" is defined in the regulations. Neither does the regulation set forth a sufficient level of services in each of the fifteen states. Such terms are vague and lack the necessary specificity in violation of the First Amendment.

   B.  In spite of the constitutional infirmity of Section 950.202(a), MJFF complied with the requirements of this regulation, nevertheless. MJFF set forth in Attachment A to its application the benefits it provided in sixteen states during the three-year period preceding

the submission of its application. (See paragraphs 12-13 above.) Promoting research to develop treatments and a cure for Parkinson's disease is the primary mission of MJFF. Attachment A clearly identified those states where physicians and medical researchers were given grants and funding via the efforts of MJFF and the years when such funding occurred. Attachment A clearly stated funding was granted to physicians and medical research in each of the sixteen states. These disclosures constitute "a clear showing" and "detailed description" of the "actual services, benefits, assistance or activities provided."

        C.    As described above in paragraph 16, MJFF's application was substantially similar to the application of LLUMC, which was also submitted to OPM. However, OPM approved LLUMC's 2006 CFC application yet arbitrarily denied MJFF's 2006 CFC application which included the same information.

24.    Defendant's denial of MJFF's application was arbitrary, capricious and an abuse of discretion in violation of the APA, 5 U.S.C. §501 *et seq*. and violated MJFF's First Amendment rights.

25.    Defendant's interpretation of the regulations was similarly arbitrary, capricious and an abuse of discretion in violation of the APA, 5 U.S.C. §501 *et seq*. and violated MJFF's First Amendment rights.

**Request for Relief**

26.    Wherefore, premises considered, Plaintiffs respectfully request the following relief:

        A.    A temporary restraining order preventing defendant from excluding MJFF from the 2006 CFC pending a hearing on the merits by this court;

B.    A preliminary injunction, in the nature of mandamus, requiring defendant to include MJFF in the 2006 CFC;

C.    A permanent injunction, in the nature of mandamus, requiring defendant to include MJFF in the 2006 CFC;

D.    A declaratory judgment that defendant erred in denying MJFF's application for inclusion in the 2006 CFC and that defendant acted arbitrarily and capriciously in violation of the APA.

E.    Such other and further relief and remedies as may be proper and serve the interests of justice; and,

F.    An award in such monetary amount as may reimburse plaintiffs for the legal fees and costs incurred by plaintiffs as a result of defendant's actions and omissions, as set forth herein.

Respectfully submitted,

/s/
Bernard J. DiMuro, Esq. (D.C. Bar #393020)
DiMuroGinsberg, P.C.
908 King Street, Suite 200
Alexandria, Virginia 22314
(703) 684-4333
(703) 548-3181 (facsimile)

Noland MacKenzie Canter, III (D.C. Bar #93616)
Mark J. Diskin (D.C. Bar #334086)
Copilevitz & Canter, LLC
1900 L Street, N.W., Suite 215
Washington, D.C. 20036

*Counsel for Plaintiff*

**VERIFICATION**

I declare under penalty of perjury that the foregoing is true and correct. Executed on July 26, 2006.

By: /s/_____
    Title: